# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| ADRIAN L. BROOME, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:08-CV-0290 WL |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Adrian Broome filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for voluntary manslaughter. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

According to the petition, the petitioner was convicted in Hamilton Superior Court I on December 21, 1995, and was sentenced to forty-five years imprisonment. He appealed to the Court of Appeals of Indiana, which affirmed his conviction on November 14, 1997. On April 30, 1998, the Indiana Supreme Court affirmed the conviction on a different ground in regard to one issue, and affirmed the court of appeals in all other respects.

Broome did not file a petition for writ of *certiorari* to the United States Supreme Court. The petitioner states that he has not filed a petition for post-conviction relief.

This petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act, which imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. 28 U.S.C. §2244(d). Section 2244(d)(1) provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for filing a petition for writ of *certiorari* to the United States Supreme Court has passed. *Griffith v. Kentucky*, 479 U.S. 413, 321 n. 3 (1987). Accordingly, the petitioner's conviction became final on or about July 29,

2

1998, the last date upon which he could have filed a petition for writ of *certiorari* in the United States Supreme Court. The statute of limitations expired a year from that date unless one of the other predicates listed in Section 2244(d)(1) provided a later date for the conviction becoming final or the statute was tolled by a subsequent state court proceeding.

The clerk of this court received Broome's petition for writ of habeas corpus on habeas corpus petition on June 16, 2008, almost nine years after the statute of limitations expired. The petitioner does not suggest that he was unable to raise the claims set forth in his petition because of any impediment created by the state, that his claims are founded on new law retroactively applied to cases on collateral review, or that the factual predicates for his claims could not have been discovered by the exercise of due diligence.

For the foregoing reasons, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(b)(1)(A).

SO ORDERED on October 7, 2008

                                           **s/William C. Lee**
                                           William C. Lee, Judge
                                           United States District Court